UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PENSION BENEFIT GUARANTY CORP.,     Case No. 1:13-cv-898
    Plaintiff,

                                                      Dlott, J.
v.                                                 Litkovitz, M.J.

STAPLES CONTRACT &                  **REPORT AND**
COMMERCIAL, INC., *et al.*,             **RECOMMENDATION**
    Defendants.

       This matter is before the Court on the motion to dismiss of third-party defendants 2840 Sprouse Drive, 10001 Alliance Road, 2322 Clifton Avenue, and 880 Great Southwest Parkway (collectively the Property defendants) (Doc. 10), defendant Staples Contract & Commercial, Inc.'s (Staples) response in opposition (Doc. 13), and the Property defendants' reply memorandum (Doc. 14).

**I. Factual and Procedural Background**

       Plaintiff, Pension Benefit Guaranty Corporation (PBGC), brings this action under the Employment Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.*, against Staples to collect unfunded benefit liabilities and unpaid insurance premiums and termination premiums. (Doc. 1). In its response to PBGC's complaint, Staples names the Property defendants, as well as other individuals and entities,[1] as defendants in its third-party complaint, alleging that they are the parties liable to PBGC for any outstanding benefits payments, not Staples. (Doc. 3).

---

[1] In addition to the Property defendants, Staples names as third-party defendants Uforma/Shelby Business Forms, Inc., Samuel L. Peters, Individually and as Trustee of the Trust of Samuel L. Peters, Miami Systems Corporation, Autron, Inc., Bertek Systems, Inc., Specialty Envelope, Inc., Trust of Samuel L. Peters, Samuel L. Peters, LLC, Peters Ohio, LLC, and Peters Georgia, LLC. *See* Doc. 3. These entities and individuals, along with Property defendants 2840 Sprouse Drive, 10001 Alliance Road, and 2322 Clifton Avenue, are named as defendants in the related action *Pension Benefit Guaranty Corp. v. Uforma/Shelby Business Forms, Inc., et al.*, No. 1:13-cv-266

By way of background, PBGC is a wholly owned United States government corporation established under 29 U.S.C. § 1302(a) to administer and enforce the pension plan termination insurance program established by Title IV of ERISA. PBGC generally becomes a trustee of a pension plan when the plan terminates without sufficient assets to pay benefits. Subject to certain statutory limitations, PBGC pays the plan's unfunded benefits from PBGC's insurance funds. ERISA provisions provide that on the plan termination date, a contributing sponsor of a pension plan and members of the contributing sponsor's "controlled group" incur joint and several liability to PBGC for the total amount of the plan's unfunded benefit liabilities, unpaid pension insurance premiums, termination premiums, and accrued interest. In the event any liable party neglects or refuses to pay PBGC, a lien arises in the amount of liability.

Here, PBGC alleges that two pension plans were established by third-party defendant UFORMA/Shelby Business Forms, Inc. (Uforma): the Hourly Plan and the Salaried Plan. PBGC further alleges that Uforma was the contributing sponsor of both plans which are covered by the pension plan termination insurance program established under Title IV of ERISA. On January 12, 2010, PBGC issued notices to Uforma of its determination that the plans should be terminated. PBGC and Uforma entered into an agreement on April 15, 2010, that the plans were terminated as of March 31, 2006. PBGC alleges that as of March 31, 2006, third-party defendant Samuel L. Peters owned more than 80% of the stock of Uforma and 100% of the stock of PrintSouth Corporation. PBGC further alleges that Staples merged with PrintSouth in August 2011 and, as the successor to PrintSouth and part of the Uforma controlled group, Staples is jointly and severally liable for the unfunded benefit liabilities for the Hourly Plan and the Salaried Plan. (Doc. 1, ¶¶ 1, 11-30).

The Property defendants move to have Staples' claims against them dismissed under

(S.D. Ohio 2013).

Rules 9(a) and 12(b)(6) of the Federal Rules of Civil Procedure. The Property defendants assert that the claims against them must be dismissed as they are parcels of real property and not entities capable of being sued. For the following reasons, the Court recommends that the Property defendants' motion to dismiss be granted.

**II. Standards of Review under Rules 9(a) and 12(b)(6)**

Federal Rule of Civil Procedure 9 provides, in pertinent part:

> When a party desires to raise an issue as to . . . the capacity of any party to sue or be sued or the authority of a party to sue or be sued, the party desiring the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.

Fed. R. Civ. P. 9(a). Whether an entity has the capacity to be sued in federal court is governed by Fed. R. Civ. P. 17(b), which provides in relevant part that for all parties not an individual or corporation, capacity is determined "by the law of the state where the court is located. . . ." Fed. R. Civ. P. 17(b)(3). *See also Hendricks v. Office of Clermont Cty. Sheriff*, No. 1:03-cv-572, 2006 WL 2850515, at *3 (S.D. Ohio Sept. 29, 2006) (applying Ohio law in determining whether defendant had capacity to be sued). In raising the defense of capacity, defendant bears the burden of showing by "specific negative averment [and] supporting particulars" that it is not an entity capable of being sued. Fed. R. Civ. P. 9(a).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a

3

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

Additionally, a court may consider exhibits attached to the complaint or motion to dismiss under certain circumstances. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)). Though, generally, a court may not consider matters outside of the pleadings when ruling on a motion to dismiss without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

With these principles in mind, the Court reviews Staples' third-party complaint.

**III. Resolution**

The Property defendants argue that Staples has improperly named them and aver that 2840 Sprouse Drive, 10001 Alliance Road, 2322 Clifton Avenue, and 880 Great Southwest Parkway are pieces of real estate. (Doc. 10 at 5-6, citing Doc. 10, Ex. 1, ¶¶ 2-4, Declaration of Samuel L. Peters).[2] The Property defendants assert that 880 Great Southwest Parkway is a piece

---

[2] Defendant Samuel L. Peters supports his declaration with exhibits such as deeds and land record instruments for 2840 Sprouse Drive, 10001 Alliance Road, 2322 Clifton Avenue, and 880 Great Southwest

of real property in Fulton County, Georgia that was conveyed to Peters Georgia, LLC on December 2, 2010. *See* Doc. 10, Ex. 1, Attachment A at 7-36, Lease Agreement and Land Tract Description. The Property defendants further assert that 10001 Alliance Road is real property in Hamilton County, Ohio that Samuel L. Peters conveyed to Peters Ohio, LLC on December 2, 2010. *See id*. at 43-72, Lease Agreement and Land Tract Description. Likewise, the Property defendants maintain that 2840 Sprouse Drive is real property in Henrico County, Virginia that Samuel L. Peters conveyed to Samuel L. Peters, LLC on December 2, 2010. *See id*. at 79-109, Lease Agreement and Land Tract Description. *See also id*. at 116-20 General and Limited Warranty Deeds for 10001 Alliance Road; *id*. at 121-25, Commonwealth of Virginia Land Record Instruments for 2840 Sprouse Drive. The Property Defendants further aver that 2322 Clifton Avenue is real estate that was sold by Samuel L. Peters on April 3, 2011. (Doc. 10 at 5).

The Property defendants argue that although Staples refers to these properties as "trades or businesses" in its third-party complaint, *see* Doc. 3, ¶¶ 35-37, 41, they are not legal entities and are therefore improperly named as defendants. In support, the Property defendants cite to *Patterson v. V & M Auto Body*, 589 N.E.2d 1306 (Ohio 1992), where the Ohio Supreme Court held that a sole proprietorship was improperly named as a defendant as it had "no legal identity separate from that of the individual who owns it." *Id*. at 1308. The Property defendants argue that because the properties named by Staples here have no legal identity separate from those of Samuel L. Peters or associated limited liability companies, they are not legal entities with the

---

Parkway. *See* Doc. 19, Ex. 1, Attachment A. The Court may consider these documents without converting the motion to dismiss into a motion for summary judgment as they are matters of public record. *See Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). *See also Gregory v. CitiMortgage, Inc.*, 890 F. Supp.2d 791, 796 (E.D. Mich. 2012) (documents related to property ownership were matters of public record properly considered in ruling on motion to dismiss). However, defendant Peters' declaration itself will not be considered as it is not referenced in PBGC's pleading. *See id.* The Court notes that Rule 9(a) does not require the movant to produce evidence in support of their specific negative averment as "a specific denial based on information and belief should suffice if there is no reason to doubt the good faith of the pleader." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1294 (3d ed. 2010).

capacity to be sued under *Patterson*, regardless of whether they are characterized as "trades or businesses" by Staples. (Doc. 10 at 6-7). The Property defendants thus assert Staples' claims against the Property defendants must be dismissed under Rule 9(a).

In this same vein, the Property defendants maintain that they are not legal entities capable of being served with process under Ohio law. The Property defendants rely on Ohio Rule of Civil Procedure 4.2, which provides a complete list of legal entities that may be served; properties are not included in this list. *See* Doc. 10 at 8, citing Ohio Civ. R. P. 4.2. The Property defendants cite this as a secondary basis for dismissing Staple's third-party complaint against them.

In response, Staples contends that the Property defendants are properly named entities under ERISA provision 29 U.S.C. § 1301(b)(1) as they are "trades or businesses" under the common control of third-party defendants Samuel L. Peters and the Trust of Samuel L. Peters. (Doc. 13 at 8-10).[3] Staples maintains that the purpose of the controlled group rule is to prevent employers from circumventing their obligations under ERISA. (Doc. 13 at 9) (citing *Western Conference of teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 894 (9th Cir. 1988)). According to Staples, this rule applies here given its allegations that third-party defendant Samuel L. Peters is engaging in a scheme designed to shield his assets from ERISA liability. (Doc. 13 at 8-10). *See also* Doc. 3, ¶¶ 136-51. Further, Staples maintains that where an individual or entity rents or leases buildings or commercial properties, such activity constitutes a trade or business for purposes of controlled group liability under Title IV of ERISA. (Doc. 13 at 9-10) (citing *Central States, Southeast and Southwest Areas Pension Fund v. Rogers*, 843 F. Supp. 1135, 1142 (E.D. Mich. 1992); *Central States, Southeast and Southwest Areas Pension*

---

[3] Staples claims that the Property defendants, as alleged "trades or businesses" of the controlled group, are jointly and severally liable for damages under 29 U.S.C. §§ 1307 and 1362. (Doc. 13 at 8, citing *PBGC v. East*

6

*Fund v. Messina Products*, 706 F.3d 874, 879-84 (7th Cir. 2013)). As the third-party complaint alleges that Samuel L. Peters leased the Property defendants, *see* Doc. 3, ¶¶ 250, 274, 298, Staples asserts that they are properly named as "trades or businesses" and thus liable under ERISA. (Doc. 13 at 10).[4]

Staples further asserts that the existence of a waiver of summons form executed on behalf of the Property defendants demonstrates that they are capable of receiving service and argues that they may not now claim otherwise. In support, Staples cites to the executed Waiver of the Service of Summons forms listing, among others, the Property defendants. (Doc. 13 at 7-8, citing Doc. 6).

Lastly, Staples argues that the nature of its claims against the Property defendants require that they remain in the case. Staples clarifies that since PBGC seeks to hold Staples, the Property defendants, and others, jointly and severally liable for outstanding benefits, dismissing the Property defendants before a determination is made as to their liability to PBGC would subject Staples to unfair exposure. (Doc. 13 at 10-11).

At the outset, the Court notes that this case is related to the matter of *Pension Benefit Guaranty Corp. v. Uforma/Shelby Business Forms, Inc., et al.*, No. 1:13-cv-266 (S.D. Ohio 2013) (the Uforma case). The Uforma case involves substantially similar claims raised by PBGC against the third-party defendants; Staples is not a party to the Uforma case. In the Uforma case, PBGC sought, as Staples does here, to bring claims against the Property defendants as "trades or businesses" that could be held liable under ERISA's controlled group rule. *See Uforma*, No. 1:13-cv-266 (Doc. 1, Complaint). The Property defendants in that matter filed an

---

*Dayton Tool and Die Co.*, 14 F.3d 1122, 1126-27 (6th Cir. 1994)).
[4]The undersigned notes that the third-party complaint does not include any allegations of leasing activity involving 2322 Clifton Avenue, despite Staples' contention that third-party defendant Samuel L. Peters leased this property until it was sold in July 2011. *See* Doc. 13 at 10.

almost identical motion to dismiss based on the legal proposition that real property is not capable of being sued. *Id*. (Doc. 19, Motion to Dismiss). The District Judge in the Uforma case adopted the undersigned's Report and Recommendation and dismissed PBGC's claims against the Property defendants, finding that as parcels of real property they were not properly named defendants. *Id*. (Doc. 36, adopting Doc. 35 (Report and Recommendation)). Thus, to the extent that Staples asserts that it would be unfairly exposed to liability in the event the Property defendants are held liable in the Uforma case, these concerns are moot as the Property defendants are no longer parties in that matter.

As to the merits of the motion to dismiss, the undersigned recommends, consistent with the recommendation in the Uforma case, that the Property defendants' motion be granted. Mr. Peters' averments and the public record documents attached to the motion to dismiss demonstrate that the Property defendants are tracts of real property. *See* Doc. 10, Ex. A. Under Ohio law, real property may not be named as a defendant except in *in rem* and quasi-*in rem* actions. *See* Ohio Civ. R. P. 4.2; Ohio Rev. Code § 2703.14; *Shaffer v. Heitner*, 433 U.S. 186, 196 (1977). *See also Benner v. Benner*, 58 N.E. 569, 570 (Ohio 1900) (discussing general distinction between *in personam* and *in rem* actions and noting that actions against property cannot be considered *in personam* for purposes of jurisdiction). It is undisputed that this action is not an *in rem* or quasi-*in rem* matter. The Court therefore finds that the Property defendants are parcels of real property and are not properly named as defendants in this action.

To the extent Staples asserts that the Property defendants are "trades or businesses," it fails to cite to any authority supporting its contention that real property may properly be named as a defendant in an ERISA action. None of the cases cited by Staples involve an instance where a piece of real property has been deemed liable under the controlled group rule. Rather, the

8

matters all involve scenarios where the entities that held the property were deemed liable under the controlled group rule; thus, it was the owning entity that was the properly named defendant - not the property itself. *See, e.g., Central States, Southeast and Southwest Areas Pension Fund v. Messina Products, LLC*, 706 F.3d 874, 878 (7th Cir. 2013) (individuals and corporate entity were engaged in "trade or business" for ERISA purposes by owning and leasing properties); *Central States, Southeast and Southwest Areas Pension Fund v. Chatham Properties*, 929 F.2d 260, 264 (6th Cir. 1991) (holding liable various corporate entities under the controlled group rule); *Central States, Southeast and Southwest Areas Pension Fund v. Bay*, 684 F. Supp. 483 (E.D. Mich. 1988) (same). This is not surprising as the Court's own extensive research failed to reveal any case where a piece of real estate, as opposed to its individual or corporate owner, was held to be a liable party under ERISA (or was even named as a defendant). Consequently, the Court finds that Staples has improperly named the Property defendants in this matter.

Insofar as Staples argues that the Property defendants should not be allowed to move for dismissal after executing a summons waiver, this argument is unavailing. Staples cites to no authority supporting this approach. Rather, Rule 9 provides that a party raise may the defense of capacity to be sued in a responsive pleading. *See* Fed. R. Civ. P. 9(a)(2). *See also Tri-Med Finance Co. v. Nat'l Century Financial Enterprises, Inc.*, No. 98-3617, 99-3062, 2000 WL 282445, at *5 (6th Cir. 2000) (citing 5 Wright & Miller, *Federal Practice and Procedure* § 1295 at 574 (2d ed. 1990)) (treating capacity defenses similar to defenses raised under Rule 12 that must be raised at the outset of a suit). To hold that an defendant was barred from raising capacity as a defense after being served would defeat the purpose of Rule 9, which explicitly permits parties to assert the defense *after* service. Here, the Property defendants have moved to dismiss for lack of capacity under Fed. R. Civ. P. 9(a)(2) at the early stages of litigation. This

9

comports with the requirements of the Rule and the Court finds no basis in law or fact for finding that the motion is precluded by virtue of the waiver of summons.

For the reasons stated above, the undersigned finds that Staples' third-party claims against the Defendant properties should be dismissed pursuant to Fed. R. Civ. P. 9(a) and 12(b)(6) as they are not legal entities capable of being sued and, consequently, Staples has failed to state a cognizable claim against them.

**IT IS THEREFORE RECOMMENDED THAT:**

The Property defendants' motion to dismiss Staples' claims against 2840 Sprouse Drive, 10001 Alliance Road, 2322 Clifton Avenue, and 880 Great Southwest Parkway (Doc.10) be **GRANTED**.

3/14/2014
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PENSION BENEFIT GUARANTY CORP.,      Case No. 1:13-cv-898
    Plaintiff,

                                      Dlott, J.
  v.                                    Litkovitz, M.J.

STAPLES CONTRACT &
COMMERCIAL, INC., *et al.*,
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).